UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| THOMAS RIVERA,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>DOUG WADDINGTON,<br><br>　　　　　Respondent. | Case No.  C05-5520RJB<br><br>REPORT AND RECOMMENDATION TO DENY APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>Noted for September 2, 2005 |

　　　　This case has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.  Petitioner is an inmate at the Stafford Creek Corrections Center.  He has filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 and an application to proceed *in forma pauperis*. (Dkt. #1).  Because petitioner appears to have sufficient funds with which to pay the $5.00 court filing fee, the undersigned recommends the court deny the application.

DISCUSSION

　　　　The district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency.  *See* 28 U.S.C. § 1915(a).  However, the court has broad discretion in denying an application to proceed *in forma pauperis*.  Weller v. Dickson, 314 F.2d 598 (9th Cir. 1963), *cert. denied*, 375 U.S. 845 (1963).

　　　　Several district courts have ruled that denial of *in forma pauperis* status is not unreasonable when a prisoner is able to pay the initial expenses required to commence a lawsuit.  *See* Temple v. Ellerthorpe, 586

REPORT AND RECOMMENDATION
Page - 1

1  F.Supp. 848 (D.R.I. 1984); Braden v. Estelle, 428 F.Supp. 595 (S.D.Tex. 1977); U.S. ex rel. Irons v.
2  Com. of Pa., 407 F.Supp. 746 (M.D.Pa. 1976); Shimabuku v. Britton, 357 F.Supp. 825 (D.Kan. 1973),
3  *aff'd,* 503 F.2d 38 (10th Cir. 1974); Ward v. Werner, 61 F.R.D. 639 (M.D.Pa. 1974).

4      By requesting the court to proceed *in forma pauperis*, petitioner is asking the government to incur
5  the filing fee because he allegedly is unable to afford the costs necessary to proceed with his petition for
6  *habeas corpus*. Petitioner's six-month prison trust account statement indicates he has average monthly
7  receipts of $68.95 and an average spendable balance of $116.42. Given the fact that a prisoner's basic
8  needs are provided for while incarcerated and the minimal filing fee required to proceed with this action
9  ($5.00), it is not unreasonable to expect petitioner to pay that fee from the funds he apparently has
10 available to him from his prison trust account.

## CONCLUSION

12     Because it is reasonable to expect petitioner to incur the costs to proceed with his petition, the
13 undersigned recommends that the court deny his application to proceed *in forma pauperis*. Accordingly,
14 the undersigned also recommends that the court order petitioner to pay the required filing fee **within**
15 **thirty (30) days** of the court's order.

16     Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 72(b),
17 the parties shall have ten (10) days from service of this Report and Recommendation to file written
18 objections thereto. See also Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those
19 objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit
20 imposed by Fed. R. Civ. P. 72(b), the clerk is directed set this matter for consideration on **September 2,**
21 **2005**, as noted in the caption.

22     Dated this 8th day of August, 2005.

                                          Karen L. Strombom
                                          United States Magistrate Judge