UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| THOMAS RIVERA<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>DOUG WADDINGTON,<br><br>　　　　　　Respondent. | Case No.  C05-5520RJB<br><br>REPORT AND<br>RECOMMENDATION<br><br>**NOTED FOR:**<br>**April 28th, 2006** |

　　　　This habeas corpus action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636 (b)(1)(B) and Local Magistrates' Rules MJR 3 and MJR 4. Petitioner filed this action under 28 U.S.C. § 2254.

INTRODUCTION AND PROCEDURAL FACTS

　　　　Petitioner challenges Kitsap County convictions for three counts of second degree assault with firearm enhancements. He was convicted in 2000 and on August 11th, 2000 sentenced to 178 month. (Dkt. # 16, Exhibit 1).

　　　　Petitioner filed a direct appeal and the appeal was denied May 17th, 2002. (Dkt. # 16, Exhibit 3). Petition did not seek review from the state supreme court.

　　　　Just over one year later, on May 29th, 2003 petitioner delivered a personal restraint petition to prison officials. That petition was received by the state court June 3rd, 2003. (Dkt. # 16, Exhibit 7.

1  The petition was denied October 13th 2003. (Dkt. # 16, Exhibit 8). Again, petitioner did not seek
2  review from the states highest court.
3       Well over one year later, in January of 2005 petitioner filed a second personal restraint
4  petition in the state supreme court. (Dkt. # 16, Exhibit 12). On March 13th, 2005 the court
5  dismissed the petition as time barred. (Dkt. # 16, Exhibit 13).
6       Mr. Rivera filed his federal petition in August of 2005. (Dkt. # 1)   The court recommends
7  this petition be **DISMISSED WITH PREJUDICE** as time barred.

8  DISCUSSION

9  <u>One Year Limitation Period of 28 U.S.C. § 2244(d)</u>

10       Federal habeas corpus petitions are subject to a statue of limitations under the 1996
11  amendments to 28 U.S.C. § 2244(d), which were signed into law April 24, 1996 as part of the
12  Antiterrorism and Effective Death Penalty Act (AEDPA).   28 U.S.C. § 2244(d) provides as follows:

13      (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run
14      from the latest of-

15        (A)  the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
16
17        (B)  the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
18
19        (C)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

20      (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be
21      counted toward any period of limitation under this subsection.

22
23       For Mr. Rivera the one year time frame would have commenced thirty days after the state
24  court of appeals denied his direct review, May 17th, 2002.  The time for seeking review elapsed thirty
25  days later on June 16th, 2002 and the statute began running. (Dkt. # 16, Exhibit 3). The statute ran
26  for 347 days until May 29th, 2003 when a personal restraint petition was delivered to prison officials.
27  (Dkt. # 16, Exhibit 7). The petition was filed June 3rd, but respondent contends the petition was
28  delivered to prison officials on May 29th , 2003 and the court will use the more lenient date.  (Dkt. #

REPORT AND RECOMMENDATION
Page - 2

15, page 3). There were 18 days remaining on the federal one year time frame. The stature commenced to run again on October 13th, 2003 and ran until October 31st, 2003 when it expired. By the time petitioner filed his second personal restraint petition in state court in January of 2005 he was already time barred. The court recommends **DISMISSAL** of this petition as time barred.

CONCLUSION

This petition is time barred. Accordingly, the petition should be **DISMISSED WITH PREJUDICE.** A proposed order accompanies this report and recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **April 28th, 2006**, as noted in the caption.

Dated this 11th day of April, 2006.

/s/ Karen L. Strombom
Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 3